OPINION OF THE COURT
John G. Leaman, J.
This is an ex parte application by the District Attorney of Columbia County[1] for an order authorizing property seized *1033 pursuant to a search warrant issued by this court on July 12, 1995 to be turned over to the United States Justice Department for the commencement of, or inclusion in, Federal forfeiture proceedings or, alternatively, for a determination that the said property may be turned over to the United States Justice Department without the necessity of seeking or obtaining an order from this court.
Nowhere contained in this application is a statement by the District Attorney regarding what, if any, criminal actions have been commenced, or are pending, or may hereafter be commenced, wherein all or some of the property seized pursuant to the search warrant in question may be utilized in connection with the prosecution, or defense, thereof.
Clearly, CPL 690.55 authorizes the court which has issued a search warrant to cause property seized pursuant to it to be retained pursuant to its direction. And while it may, perhaps, be true that once all criminal cases that are to be brought in State courts based upon such property are concluded, the court’s proper judicial concerns are substantially at an end, so that an agreement between respective sovereigns (i.e., New York and the United States of America), as articulated by respective representatives of the sovereigns’ executive branches and regarding which of the two sovereigns will pursue forfeiture proceedings against the seized property, may be honored, nevertheless, until there is a definitive statement by the District Attorney that no criminal cases are pending or are intended hereafter to be commenced in the courts of New York based upon such seized property, it is not appropriate for this court to authorize its being turned over to Federal authorities.[2]
The legal and logistical consequences of the unavailability of property, intact and timely produced, upon the conduct of a *1034 criminal case in State court are too obvious to require enumeration.
Accordingly, the present application for a turnover order is denied, with leave to resubmit when, as represented by the District Attorney, no further criminal prosecutions in New York utilizing the seized property will be conducted.
Insofar as the requested alternative relief is concerned, namely, a determination that no application to the court, nor order by it, is required to authorize property seized pursuant to its search warrant to be turned over to Federal authorities, it is surely apparent that this court believes, and holds, otherwise.

. The instant motion was filed by the Honorable Marlene Tuczinski at a time when she was the District Attorney of Columbia County. An affidavit in *1033 support thereof was submitted by William C. Pericak, Assistant United States Attorney, annexing copies of various turnover orders signed by different trial-level New York Judges. There is no indication of what, if any, proceedings preceded the signing of these turnover orders, and the recitals in the turnover orders themselves appear, to this court, to be almost perfunctory, reciting only that no State civil forfeiture actions were pending at the time, and that "it is in the best interest of justice that the property be turned over to the U.S. Justice Department”. The persuasive effect of such other turnover orders, viewed in such a light, is minimal.

. It may well be that, once all State court criminal cases which utilize the seized property are concluded, an ex parte application of the present kind can be viewed as consistent with considerations of due process, since, presumptively, the Federal and State forfeiture laws adequately express both procedural and substantive due process, and it is certainly arguable that, where sovereigns with overlapping jurisdiction agree as between themselves which will take precedence in the area of forfeiture proceedings, there is no *1034 entitlement on the part of an affected individual to be allowed to assert a preference or, indeed, play any role in the election by and between sovereigns. The People do not discuss this point at all, and the court does not, at this juncture, speak definitively with respect to it.