OPINION OF THE COURT
Gerald Lebovits, J.*
On July 19, 2011, the New York City Police Department seized $202,627 during a warrant-authorized search of 37 East Broadway in New York County. Upon the execution of the search warrant, defendants Sau Lam, Bi-Ying Huang Tung Tak-Cheun, Xinf-Jing Young, Jun-Bao Zhang and Ren-We Zheng were arrested and prosecuted for misdemeanor crimes: unlawfully possessing, transporting and selling untaxed cigarettes in violation of Tax Law § 1814 (b). Because the defendants are charged with misdemeanor crimes, no state civil forfeiture proceeding is pending, planned, or legally possible with respect to the seized funds. 0See CPLR 1310; affirmation of Assistant District Attorney [ADA] Tara Christie Miner, Aug. 9, 2011, 1Í 12.) The People therefore applied for a turnover order for this court to release the funds from the state jurisdiction to the USHS-CBP The People’s goal is allow the federal authorities to evaluate the case to decide whether to commence a federal forfeiture proceeding.
Zhang is the only defendant who asks this court to deny the People’s application for a turnover order. Only he has standing to contest the People’s application.
The People’s application is granted. This court has the authority under CPL 690.55 (1) (a) to allow the New York City Police Department to turn over the seized funds to USHS-CBP CPL 690.55 (1) is clear and unambiguous. It authorizes a court either to (a) retain custody of the property and dispose of it under another provision of law or to (b) direct that the property be held by the law-enforcement agency that executed the warrant. If this court grants the People’s application for a turnover order, the seized property will be disposed of in accordance with federal civil forfeiture law. (See 18 USC § 981.)
Courts have added conditions beyond those explicitly found in CPL 690.55 before allowing the transfer of seized assets to federal authorities.
*362 One condition before a court may grant an application for a turnover order is that all state criminal prosecutions using the seized property be concluded. (See Matter of Four Thousand One Hundred & Ninety Dollars, 167 Misc 2d 1032, 1033 [Columbia County Ct 1996].) A court may authorize that seized property be turned over to federal authorities when the district attorney definitively states that no criminal case based on the seized property is pending or is intended to be commenced in New York. (See United States v $6,180.00 U.S. Currency, 2010 WL 2472499, *1 n 2, 2010 US Dist LEXIS 59570, *3 n 2 [WD NY, June 1, 2010], Magistrate’s report and recommendation adopted by 2010 WL 2472502, 2010 US Dist LEXIS 59604 [WD NY, June 16, 2010]; Matter of Four Thousand One Hundred & Ninety Dollars, 167 Misc 2d at 1033; Steven L. Kessler, Civil and Criminal Forfeiture: Federal and State Practice § 16:21, at 16-106 n 3 [2010].) The People state that no state civil forfeiture action is planned or pending with respect to the seized funds. Additionally, the People do not anticipate needing the funds for evidence in the pending misdemeanor prosecutions. (See affirmation of ADA Tara Christie Miner, Aug. 9, 2011,1i 12.) Therefore, no need exists to retain the funds in any state jurisdiction.
Another condition affecting the court’s ability to allow the transfer of seized assets to a federal authority is that the federal authority have ties with or a connection to the case pending in state court. This condition is found in Matter of Five Thousand Seventy-Six Dollars Seized Pursuant to Search Warrant Log No. 436/2005, which noted that “a plain reading of [CPL 690.55 (1)] would suggest that where there has been no previous federal involvement in the case, a court lacks statutoiy authority to [allow the New York City Police Department to] turn over these funds to a federal authority.” (11 Misc 3d 718, 720-721 [Sup Ct, Kings County 2006].) Defendant Zhang relies on Five Thousand Seventy-Six Dollars to argue that because no “previous federal involvement” exists in this case, this court lacks the statutory authority to order a turnover of funds to USHS-CBP
No court aside from the Five Thousand Seventy-Six Dollars court has interpreted CPL 690.55 (1) to require “previous federal involvement.” (See $6,180.00 U.S. Currency, 2010 WL 2472499, *1, 2010 US Dist LEXIS 59570, *3 [“It also does not appear that any other court (than Five Thousand Seventy-Six Dollars) has adopted (the previous-federal-involvement standard) as a necessary condition to transfer funds from local to *363 federal authorities”].) Reasoned secondary authority, however, also supports the view that Five Thousand Seventy-Six Dollars correctly found that there must be previous federal involvement. (See Steven L. Kessler, New York Criminal and Civil Forfeiture, at 45 [Gould Publications 1999] [“(A) proper . . . reading of (CPL 690.55) requires the pendency of another criminal action”].)
If “previous federal involvement” were the standard, state courts would grant turnover applications only when federal authorities have a previous connection to the seized property.
This court rejects the contention that any “previous federal involvement” is required before a court may allow the transfer of seized assets to federal authorities. The factual situation surrounding this case differs from the one in Five Thousand Seventy-Six Dollars. In that case, the police arrested three individuals whom the People intended to prosecute on state narcotics charges. (See 11 Misc 3d at 720.) The court denied the turnover application because the seized funds remained relevant for the defendants’ trial (see id. at 720) and because if the funds were forfeitable as the proceeds of a crime, the State should be the beneficiary of the seized money. (See id. at 721.) Here, the funds will not be used as evidence in Zhang’s trial, and the State, which may not forfeit funds in a misdemeanor prosecution (see CPLR 1310; Dillon v Kim, 158 Misc 2d 711, 715 [Sup Ct, Nassau County 1993]), will not be the beneficiary of the seized funds.
Even if the facts of Five Thousand Seventy-Six Dollars were similar to the ones here, this court would respectfully decline to follow the “previous federal involvement” requirement in Five Thousand Seventy-Six Dollars. CPL 690.55 (1) does not require a federal authority to have a previous connection to the state case before a state court may grant a turnover order. CPL 690.55 (1) reads as follow:
“1. Upon receiving property seized pursuant to a search warrant, the court must either:
“(a) Retain it in the custody of the court pending further disposition thereof pursuant to subdivision two or some other provision of law; or
“(b) Direct that it be held in the custody of the person who applied for the warrant, or of the police officer who executed it, or of the governmental or official agency or department by which either such public servant is employed, upon condition that *364 upon order of such court such property be returned thereto or delivered to another court.”
A plain reading of CPL 690.55 (1) shows that “previous federal involvement” does not appear in the statute. (Accord $6,180.00 U.S. Currency, 2010 WL 2472499, *1, 2010 US Dist LEXIS 59570, *3 [“Although the (Five Thousand Seventy-Six Dollars) court found that a ‘plain reading of the statute would suggest that where there has been no previous federal involvement in the case, a court lacks statutory authority to grant the instant request and turn over these funds to a federal authority’, such a requirement does not appear in the statute” (quoting Five Thousand Seventy-Six Dollars, 11 Misc 3d at 720-721)].) The defendant’s interpretation that a turnover order requires a “previous federal involvement” contradicts the terms of CPL 690.55 (1).

 On August 15, 2011, this court granted the People’s application to allow the New York City Police Department to turn over the seized funds to the United States Department of Homeland Security — Customs and Border Protection (USHS-CBP). This written opinion explains the court’s reasoning.